<div align="right">1823.<br>Duvall<br>vs<br>The State</div>

<div align="center">DECREE REVERSED.</div>

---

<div align="center">DUVALL vs. THE STATE.</div>

<div align="right">JUNE.</div>

ERROR to *Frederick* county court to remove a judgment in a criminal prosecution against the plaintiff in error for giving a pass to a slave.

The cause was argued before EARLE, MARTIN and STEPHEN, J.

*Taney*, for the plaintiff in error, contended, that the charge in the indictment was not an offence indictable under the act of 1796, *ch.* 67, *s.* 19. He referred to 3 *Bac. Ab.* tit. *Indictment*, (H 3,) 570. *The King vs. M'Gregor*, 3 *Bos. & Pull.* 106.

<div align="right" style="font-size:smaller">In a criminal pro-<br>secution against a<br>person for giving<br>a pass to a slave<br>contrary to the act<br>of 1796, ch. 67, s.<br>19, the loss of ser-<br>vice by the master<br>must be averred in<br>the indictment<br>The giving a pass<br>to a slave is pro-<br>hibited by the act<br>of assembly as one<br>of the means only<br>by which the of-<br>fence of depriving<br>the master of the<br>service of the slave<br>was to be consum-<br>mated</div>

*T. B. Dorsey*, (Attorney-General,) for the state, also referred to the act of 1796, *ch.* 67, *s.* 19. 3 *Bac. Ab.* tit. *Indictment*, (H 2,) 569. The acts of 1715, *ch.* 44, and 1801, *ch.* 74, *s.* 1. 1 *Chitty's C. L.* 233.

The opinion of the court was delivered by

STEPHEN, J. The question in this case arises upon the true construction of an act of assembly passed in the year 1796, *ch.* 67, *s.* 19. The act provides, "that any person or persons who shall hereafter be convicted of giving a pass to any slave or person held to service, or shall be found to assist by advice, donation or loan, or otherwise, the transporting of any slave, or any person held to service, from this state, or by any other unlawful means depriving a master or owner of the service of his slave, or person held to service, for every such offence the party aggrieved shall recover damages in an action on the case against such offender or offenders, and the offender is also liable to be indicted, and on conviction to be fined a sum not exceeding two hundred dollars." The indictment in this case charges nothing more than that the party prosecuted gave a pass to a slave, the property of a certain *John Withers*, contrary to the act of assembly in such case made and provided, without averring any loss of service by the master or owner. The question

1823.

Cromwell
vs

is, whether such an indictment is sufficient, in point of law, as having charged all the essential ingredients necessary to constitute an offence according to the true construction of the 19th *section* of the above mentioned act of assembly? It was strongly contended by the counsel for the plaintiff in error, that according to the true construction of the act of assembly, it was not intended by the legislature, that the giving of a pass alone, to a slave, should be punished in the manner therein prescribed, and that it was only pro-, hibited as one of the means by which the offence of de-priving the master of the service of the slave was to be consummated. This, it seems to the court, is a fair con-struction of the law, and that the party could not properly be said to be aggrieved, so as to entitle him to his civil suit for the recovery of damages, without actual loss of service; and upon referring to the law, it will be found that the criminal process can only be resorted to upon the same grounds or circumstances which would authorise a civil action. The court are therefore of opinion, that the of-fence contemplated by the law, is not charged in the in-dictment, and that the judgment of the court below must be reversed.

JUDGMENT REVERSED.